**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG ELMER CHAPMAN, AKA Owl, | No. 09-16303 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00002-JMS-LEK |
| v. | |
| JOURNAL CONCEPTS, INC., a California corporation, DBA The Surfer's Journal; JEFF JOHNSON; STEVE PEZMAN, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| DEBEE PEZMAN; DAN MILNOR; SCOTT HULET; JEFF DIVINE, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 12, 2010
Honolulu, Hawaii

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Craig Elmer Chapman sued Journal Concepts, Inc., Jeff Johnson and Steve Pezman (collectively "Journal Concepts") for defamation, in connection with a magazine article that Johnson and Pezman wrote about Chapman. Chapman appeals from the district court's decisions on the parties' motions for summary judgment, the parties' motions *in limine*, Journal Concept's motion for judgment as a matter of law and Chapman's motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On summary judgment, the district court made a ruling regarding Chapman's status as a public figure. We need not address this ruling because we affirm the district court on other dispositive grounds.

The district court did not err in holding that references in the article to William S. Borroughs are not actionable as defamation. The references are literary allusions that cannot reasonably be understood to express statements of fact about Chapman. See Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1193-94 (9th Cir. 1989).

The district court did not abuse its discretion in denying Chapman's motion to exclude evidence related to Chapman's drug use. Evidence that Chapman may have used drugs was probative of Pezman's state of mind when he included this

2

statement in the article, and his defense that the statement was substantially true and thus not defamatory. Further, the district court instructed the jury that the statements were being offered only to establish Pezman's state of mind, and not for their truth.

The district court did not abuse its discretion by excluding evidence related to the life and work of William S. Borroughs. The references to Borroughs were not at issue in the trial, and the evidence was not necessary to provide context to the article at issue. To the extent that the evidence was probative of the state of mind of Johnson and Pezman, the district court did not abuse its discretion in holding that the probative value was outweighed by the potential prejudice to Journal Concepts and the likelihood of jury confusion. The district court also properly excluded as irrelevant and likely to confuse the jury evidence related to a pre-publication investigation that Pezman conducted for an article that was not at issue in the trial and was published more than a decade earlier.

The district court did not err in granting Journal Concepts' motion for judgment as a matter of law with respect to two of the allegedly defamatory statements at issue in the trial. The first statement comes from an interview that Pezman conducted with an individual named Jackie Baxter, which Pezman recorded. Pezman quotes Baxter at length in the article. Chapman alleged that two

3

sentences from Baxter's quote were defamatory. Chapman's argument rests on the contention that Pezman conducted the interview after writing the commentary, and directed Baxter to make the statement. Baxter, however, is illiterate, and his quote in the article is very similar to the interview transcript. The transcript reflects that the conversation was informal and off-the-cuff, not scripted and staged. Given this, the district court properly held that no reasonable juror could conclude that Pezman coached Baxter to make the statement.

The second statement relates to an interview that Pezman conducted with Herbie Fisher. Although Pezman did not quote Fisher accurately in the article, "[m]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting of the libelous charge [is] justified." Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 517 (1991) (internal quotation marks omitted). Here, there is only a minor difference between what Fisher said during the interview and the quotation in the article; the gist of the statements is the same.

The district court did not err in denying Chapman's motion for a new trial. Although the parties referred to Chapman's 50(b) motion at argument, that issue is not before us on appeal. The jury found that Chapman had failed to prove that the statements at issue in the trial were false. There was sufficient evidence on the record to support this finding. Chapman argues that the jury should have found

4

that Pezman and Johnson acted with actual malice.  Because the jury found that Chapman had failed to prove falsity, it never reached the issue of actual malice. See Miracle v. New Yorker Magazine, 190 F. Supp. 2d 1192, 1198 (D. Haw. 2001) (stating that under Hawaii law, defamation requires "a false and defamatory statement concerning another" and "fault amounting at least to negligence . . . and actual malice where the plaintiff is a public figure").  Accordingly, we do not need to decide whether the evidence would support a finding of actual malice.

**AFFIRMED.**



*Chapman v. Journal Concepts, Inc.*, **Case No. 09-16303**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.